THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-ENT, *v.* WILLIAM HENRY HAZEN, APPELLANT.

*Oysters — taking of, from South Bay, Suffolk county, with a steam dredge — chap. 234 of 1870.*

The first two sections of chapter 234 of 1870, entitled "An act for the preservation of shell-fish in the waters of the South Bay, in Suffolk county," are as follows:
      SECTION 1. No person shall catch or take any oysters, clams, mussels or shells in the waters of the South Bay, in Suffolk county, with a dredge or drag.
      § 2. No person shall have in his possession, or use a dredge or drag in the waters of the South Bay, for the purpose of catching or taking oysters, clams, mussels, shells or any substance growing on the bottom.
*Held,* that the mode of taking oysters from public or private grounds in the South Bay was regulated by this statute, and that the use for that purpose of a steam dredge was absolutely forbidden and prohibited in that bay.
That the legislature had the power to make the law in question.
*Phelps* v. *Racey* (60 N. Y., 10) followed.

APPEAL by the defendant from a judgment convicting the defendant of a misdemeanor after a trial, under an indictment, at the Court of Sessions of Suffolk county on the 7th day of December, 1888.

*T. M. Griffing* and *A. A. Spear*, for the defendant, appellant.

*Wilmot M. Smith*, district attorney, for the People.

DYKMAN, J.:

The defendant was convicted of a misdemeanor in the Court of Sessions in Suffolk county, under an indictment charging him with a violation of chapter 234 of the Laws of 1870, entitled "An act for the preservation of shell-fish in the waters of the South Bay, in Suffolk county."

There was no dispute or question about the facts, for the defendant stated in his testimony, as a witness upon the trial, that he operated a steam dredge to take up oysters upon a private bed. The lot, upon which he so operated the steam dredge, had been leased by the trustees of the freeholders and commonalty of the town of Brookhaven to a private individual, and the defendant was acting under a power of attorney from such lessee. The question for solution, therefore, has reference to the operation and validity of the law in question, the contention of the defendant being that the law has no application to private oyster beds, and cannot operate to restrict the mode of operation in taking up oysters from such beds. The prohibitory portion of the law is contained in the first two sections, which are as follows:

"SECTION 1. No person shall catch or take any oysters, clams, mussels or shells in the waters of the South Bay, in Suffolk county, with a dredge or drag.

"§ 2. No person shall have in his possession or use a dredge or drag in the waters of the South Bay for the purpose of catching or taking oysters, clams, mussels, shells or any substance growing on the bottom."

These two sections of the statute are sufficiently comprehensive to prohibit the taking of oysters with a dredge in the waters of the South Bay, whether they are located on public or private grounds. The language employed is plain and positive, and if it is to be allowed its full force and meaning, it can receive but one interpretation.

It was the intention of the legislature to provide a remedy for an evil which was found to prevail, and we must assume that this law was enacted with full knowledge of all the facts, and with the full intention of making a law upon which no exceptions could be engrafted by interpretation, otherwise such exceptions would have been expressed in words as unmistakable as those employed in the statute.

A further evidence of the intentional severity of this statute is found in the fourth section, which makes the bare possession of a dredge on the waters of the South Bay by any person *prima facie* evidence of an intent to use the same in violation of the provisions of the act. Again, there is no exception in this section in favor of private owners of oysters or lessees of oyster lots. We conclude, therefore, that the mode of taking oysters from both public and private grounds in the South Bay is regulated by this statute, and that the use of a steam dredge is absolutely forbidden and prohibited there for that purpose.

Respecting the competency of the legislature to make the law in question, there is no longer any doubt in this State. That question has been often discussed and determined by our courts with one uniform result, and it would be unprofitable to enter upon its examination here. (*Phelps* v. *Racey;* 60 N. Y., 10 )

The judgment and conviction appealed from should, therefore, be affirmed.

BARNARD, P. J., and PRATT, J., concurred.

Conviction and judgment affirmed.